IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA AUDIT,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>THE INDIVIDUALS, et al.,<br><br>　　　　Defendants | Case No.: 25-cv-01553<br><br>Hon. Judge William S.Stickman |

## MOTION TO DISMISS FOR MISJOINDER

Defendants identified in the attached list of Group A Defendants to Defendants' Notice of Appearance filed by Jiyuan Zhang [ECF No. 34] ("Group A Defendants" or "Defendants") (Exhibit A), by and through the counsel undersigned, hereby request that this Court dismiss the instant case for misjoinder, or at minimum sever the defendants, and state the following.

**I.   FACTS AND PROCEDURAL BACKGROUND**

On October 16, 2025, Plaintiff LISA AUDIT ("Plaintiff") initiated this action against numerous online sellers alleged to have infringed one of her copyrighted illustrations. Instead of proceeding against each seller individually, Plaintiff grouped various unaffiliated businesses and individuals, operating under distinct storefronts and often based in foreign jurisdictions, into a single defendant designation: "The Individuals, Business Entities, And Unincorporated Associations Identified On Schedule A." The complaint does not allege that these defendants acted in concert or had coordinated dealings. The complaint does not allege that these defendants acted in concert or had coordinated dealings. Rather, the only asserted commonality is that each independently offered products featuring similar imagery.

On October 17, 2025, Plaintiff filed supporting documents under seal, including

multiple declarations, followed by a motion for an *ex parte* temporary restraining order either October 20, 2025, or October 21, 2025, which was ostensibly granted and served on November 6, 2025. Plaintiffs also filed a motion for preliminary injunction, either October 20, 2025, or October 21, 2025, which was granted on November 13, 2025.

Defendants filed a motion for Attorney Jiyuan Zhan to appear pro hac vice on November 19, 2025, granted on November 20, 2025. After a series of corrections, on November 21, 2025, the undersigned counsel appeared for Defendants and filed a first motion for extension, which was granted for a new deadline of December 21, 2025. Defendants provided a disclosure statement identifying each Defendant's corporate parent/individual owner on December 5, 2025.

## II. <u>LEGAL STANDARD FOR MISJOINDER</u>

Federal Rules of Civil Procedure 20 and 21 govern permissive joinder and misjoinder of parties. This Court has interpreted Rule 20(a)(2) such that defendants may be joined in a single action if two requirements are satisfied: "'(1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; and (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread).'" *Washington v. Folino*, Civil Action No. 11-1046, 2013 U.S. Dist. LEXIS 39627, at *9 (W.D. Pa. Feb. 28, 2013) (quoting *Intercon Research Associates, Ltd. v. Dresser Industries, Inc.*, 696 F.2d 53, 57 (7th Cir. 1982)). This Court has held that the term "transaction or occurrence" is a "flexible concept designed to capture claims that are factually interwoven." *Abris v. Venango Cty.*, No. 1:25-CV-00066-RAL, 2025 U.S. Dist. LEXIS 120842, at *5 (W.D. Pa. June 25, 2025). Furthermore, "[t]o meet this standard, the

Case 2:25-cv-01553-WSS    Document 42    Filed 12/12/25    Page 3 of 11

events in question must exhibit a 'logical relationship' to each other." See *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002).

Misjoinder occurs when "there is no common question of law or fact or when… the events that give rise to the plaintiff's claims against defendants do not step from the same transaction." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006). See also *Blood v. Fed. Bureau of Prisons*, 351 F. App'x 604, 607 (3d Cir. 2009) (stating that joinder is improper where adjudicating the claims would "necessarily require a separate factual inquiry"). When there is a misjoinder, the court has two remedial options: (1) misjoined parties may be dropped "on such terms as are just"; or (2) any claims against misjoined parties "may be severed and proceeded with separately." Fed. R. Civ. P. 21.

Joinder is subject to court discretion, and "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21(a). In exercising its discretion under Rule 20, a court must undertake a reasoned analysis that "comports with the requirements of the Rule" and is grounded in the particular facts and claims before it, rather than on categorical rules about certain types of litigants or generalized concerns about case management. *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *Boretsky v. Governor of N.J.*, No. 08-3313, 2011 WL 1885939, at *3 (3d Cir. May 25, 2011). Regarding Schedule A cases specifically, it is not enough for a plaintiff to simply allege that multiple defendants have infringed the same intellectual property, "some sort of connection among the defendants" is needed, otherwise "'one defendant's alleged infringement does not arise out of the same transaction, occurrence, or series of transactions of occurrences as another defendant's unrelated infringement.'" *Forcel Media Ltd. v. DecYi*, No. 2:25-cv-750, 2025 LX 1333273, at *6 (W.D. Pa. June 12,2025) (quoting *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule

*A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020) (finding joinder in a Schedule A case for patents and trademark improper).

While generally "the requirements of Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy" and may be used to secure speedy determination, this Court has stressed that "the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Washington v. Folino*, 2013 U.S. Dist. LEXIS 39627, at *10.

### III.   ANALYSIS

This court shall dismiss this case for misjoinder because Defendants are different and not affiliated to each other, which forms ground of misjoinder; similarities of products, marketing, advertising, storefronts, Etc. does not warrant joinder; and Joinder will result in prejudice, expense, or delay.

**A. Defendants Are Different and Not Affiliated to Each Other, which Forms Ground of Misjoinder.**

Rule 20(a)(2) permits joinder of defendants only if the claims arise out of the same "transaction, occurrence, or series of transactions or occurrences" and there exists at least one common question of law or fact. Courts applying this standard look for claims that are factually interwoven and a logical relationship among events in question. *Ambris*, 2025 U.S. Dist. LEXIS 120842, at *5. Where each defendant's activities are independent and factually distinct, the requirement of a shared "transaction or occurrence" is not satisfied, and joinder is improper.

Here, the current record reflects that the Defendants identified on Schedule A are not

affiliated with one another and do not engage in concerted operations. As reflected by the identifying information associated with the accused storefronts, the Schedule A defendants appear to operate through different legal entities and/or individual owners, with distinct business registrations and contact information, and they maintain separate Temu.com storefronts under unique seller identifiers. See ECF No.41 (Disclosure Statement) (Exhibit B). Nothing in the Complaint or Plaintiff's exhibits alleges, let alone plausibly supports, shared ownership, common management, coordinated decision-making, or any other basis to infer that these defendants function as a single enterprise or acted in concert.

Instead, Plaintiff's theory is that each defendant independently offered products that allegedly infringe the same intellectual property. That is not enough for permissive joinder. Where, as here, defendants are not alleged to be affiliated and each accused storefront reflects separate ownership and operations, there is no meaningful evidentiary overlap in proving liability as to each seller. Liability turns on seller-specific facts (what each defendant sold, when it was sold, how it was marketed, what notices were received, and what proceeds were earned), and joinder is improper where adjudicating the claims would "necessarily require a separate factual inquiry." *Blood v. Fed. Bureau of Prisons*, 351 F. App'x 604, 607 (3d Cir. 2009). Each defendant's alleged sale of a product on its own storefront involves distinct transactions, suppliers, customers, and corporate records. Proving or disproving infringement will require individualized evidence unique to each defendant, including separate account records, product listings, invoices, and communications. Each claim would require a "separate factual inquiry," and therefore no logical relationship sufficient to satisfy Rule 20(a)(2).

Plaintiff's allegation that "the Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale" (Compl.,

ECF No. 3, ¶12) is nothing more than conclusory, template-style pleading frequently deployed in Schedule A cases. Merely asserting that different defendants' products look similar, or that their online storefronts contain overlapping design elements, does not establish a "logical relationship" under Rule 20(a)(2). As the Seventh Circuit and this District have made clear, the Court must look for shared, overlapping facts giving rise to each cause of action, not simply coincidentally similar allegations. Plaintiff has offered no evidence that the defendants acted together, coordinated with one another, or were managed or controlled by a single entity. To the contrary, sworn declarations make plain that each defendant operates independently, does not know the others, and manages its own separate storefront. Plaintiff's boilerplate language cannot substitute for actual factual allegations linking these defendants, and therefore fails to satisfy the requirements for joinder.

### B. Similarities of Products, Marketing, Advertising, Storefronts, Etc. Does Not Warrant Joinder.

To the extent that the products bear some similarity in appearance, that in and of itself is not evidence of coordinated activities by the defendants. Even if the webpages were identical, it would not necessarily suggest the defendants are connected. To the contrary, it would hardly be surprising that multiple, independent sellers of similar products would parrot each other's webpages or match each other's prices. Even assuming arguendo that Defendants' products, marketing descriptions, or storefront appearances are the same or nearly identical, that resemblance alone does not establish that their activities arise from a common transaction or occurrence as required under Rule 20(a)(2).

This Court has previously refused to infer any relationship or coordination among over one hundred Schedule A defendants from hundreds of pages of similar screenshots, noting that even if defendants' webpages were "all identical, joinder is improper because use of identical

web pages would not overcome the likelihood that Defendants are just copycats, both of the plaintiff's style and of each other." *Forcel Media Ltd. v. DecYi*, No. 2:25-cv-750, 2025 LX 133273, at *8 (W.D. Pa. June 12, 2025) (quoting *Bailie v. Partnerships & Unincorporated Ass'ns Identified on Schedule A*, 734 F. Supp. 3d 798, 805 (N.D. Ill. 2024)). The similarity in outward appearance reflects the use of a common referent (Plaintiff's asserted design), not any cooperation or factual connection among the sellers themselves.

Even under Plaintiff's own theory, accepting that the accused storefronts display substantially the same products and descriptions, the requirements of Rule 20(a)(2) are not satisfied.

### A. Joinder will result in prejudice, expense, or delay.

Even if Plaintiff could arguably satisfy the Rule 20(a)(2) threshold, which it cannot, the Court should still exercise its discretion under Rule 21 to drop or sever defendants. In determining whether permissive joinder comports with fundamental fairness, courts consider whether joinder will cause prejudice, undue expense, or delay. See *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009) (emphasizing that joinder under Rule 20 is discretionary and that district courts possess "broad authority with regard to joinder under Rule 20")

Here, joinder of numerous unrelated foreign defendants would cause substantial prejudice. Each defendant operates independently and faces unique factual questions: which products were offered, what sales, if any, were made, and whether such sales infringe Plaintiff's copyright. Litigating those distinct questions in a single proceeding risks conflating parties, confusing the record, and potentially tainting one defendant with unrelated allegations against others. This collective proceeding prejudices individual defendants' ability to defend themselves on the merits and deprives them of clear notice of the specific conduct at issue.

Joinder also dramatically increases expense and delay. Instead of manageable, discrete

cases, the Court and the parties are forced to wade through a fractured dispute involving dozens of defendants scattered across multiple provinces of China and Hong Kong. Coordinating discovery, service of process, and motion practice across these unrelated defendants in a single action invites inefficiency and delay, not judicial economy. Indeed, this Court has already seen Plaintiff voluntarily dismiss several parties, underscoring the fluid and often speculative nature of the mass-joinder approach.

Fundamentally, forcing unrelated defendants into one omnibus action turns litigation into a leveraging tactic rather than a fair adjudication of claims. Severance will ensure that each case proceeds on its own facts, allowing for a just, speedy, and inexpensive resolution. Because joinder here serves only to increase prejudice, cost, and delay, the Court should sever or dismiss misjoined defendants

I. **THIS COURT SHALL DISMISS THE PLAINTIFF'S SAD SCHEME OF ABUSIVE INTELLECTUAL PROPERTY LITIGATION**

This Plaintiff's case is a classic example of the "Schedule A Defendants Scheme" ("SAD Scheme"), an abusive mass-defendant litigation model increasingly criticized by courts and scholars. The Columbia Law Review has documented how this scheme exploits gaps in procedure, sealed defendant lists, ex parte TROs, and omnibus complaints, to freeze assets and pressure quick settlements, often without proper service or jurisdiction.[1] Such tactics depart from ordinary due process and have harmed thousands of small merchants whose accounts were frozen without notice.

Courts in this District have begun to resist these tactics, including this Court. Judge Ranjan in *Forcel Media Ltd. v. DecYi* agreed with the Seventh Circuit's decision that in the context of Schedule A cases, multiple defendants infringing the same patent or trademark is not

---

[1] *See* Eric Goldman, *A SAD Scheme of Abusive Intellectual Property Litigation*, 123 COLUM. L. REV. F. 183, 184–85, 187, 197 (2023).

enough to meet Rule 20's requirements, and that a connection between the defendants themselves is necessary. No. 2:25-cv-750, 2025 LX 1333273, at *6 (W.D. Pa. June 12,2025) (citing *Estee Lauder Cosms. Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 187 (N.D. Ill. 2020). Judge Ranjan continues to state that a "connection" must be found among the defendants, or else one defendant's alleged infringement does not arise out of the same transaction or occurrence as that of another defendant's unrelated infringement. *Id.* This ruling confirm that SAD Scheme litigation is neither procedurally sound nor compatible with fundamental fairness.

The real-world consequences of the SAD Scheme are severe. Media reports recount innocent sellers blindsided by six-figure default judgments despite minimal alleged sales.[2] Scholars and amicus briefs at the Federal Circuit likewise describe how vague, defendant-unspecific pleadings and sweeping freezes coerce settlements and undermine the legitimacy of the courts. These systemic harms outweigh any convenience to rights owners who wish to litigate cheaply by suing hundreds of unrelated defendants at once.

Here, Plaintiff followed the same playbook: naming numerous unrelated merchants under seal, asserting conclusory coordination theories, and seeking *ex parte* restraints that paralyze entire storefronts. Such tactics lack evidentiary basis, fail Rule 20's joinder standard, and impose undue prejudice. Because Plaintiff's claims arise from an abusive litigation model that contravenes the Federal Rules and due process safeguards.

II. **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court to dismiss the

---

[2] *See, e.g.* Josh Taylor, *Sydney Woman Who Sold a Cartoon Cat T-Shirt Told to Pay US$100,000 in Grumpy Cat Copyright Case*, **Guardian** (Apr. 25, 2025, 11:00 AM EDT) [https://www.theguardian.com/australia-news/2025/apr/26/sydney-woman-who-sold-a-cartoon-cat-t-shirt-told-to-pay-us100000-in-grumpy-cat-copyright-case].

action in its entirety, or at minimum sever the defendants under Rule 21.

Date: December 12, 2025

                                                Respectfully submitted,

                                                <u>/s/ *Jiyuan Zhang*</u>
                                                **Jiyuan Zhang, Esq. (5707401)**
                                                **J. Zhang and Associates, P. C.**
                                                3712 Prince Street, Ste 9C,
                                                Flushing, NY 11354
                                                contact@jzhanglaws.com
                                                Telephone:718-701-5098

                                                ***Attorney for Group A Defendants***

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that a true and correct copy of the above and foregoing document was electronically filed on December 12, 2025 with the Clerk of the Court using the CM/ECF system, which will effect electronic service on all parties and attorneys registered to receive notifications via the CM/ECF system.

/s/ *Jiyuan Zhang*
Jiyuan Zhang